## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

TED McCOY,

        Plaintiff,

v.                                Case No.04-2353-KHV-DJW

DEFFENBAUGH INDUSTRIES, INC.,

        Defendant.

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Compel (doc. 31).  More specifically, Defendant requests the Court compel Plaintiff to respond completely to

• Interrogatory Nos. 16 and 19[1] of Defendant's First Interrogatories;

• Requests 15, 16[2], 17 and 20 - 24 of Defendant's First Request for Production; and

• Requests 1 through 8 of Defendant's Second Request for Production.

### Relevant Factual Background

Plaintiff was employed with Defendant for two periods of time, the second of which spanned from July 1994 to April 2004. Related to this second period, Plaintiff asserts three causes of action: (1) a failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"); (2) an FLSA retaliation claim; and (3) a Kansas public policy wrongful termination claim.

In support of his overtime claim, Plaintiff alleges that during the last three years of his employment,

---

[1]In his Reply brief, Defendant withdrew its motion to compel with respect to Interrogatory 19 based on Plaintiff's supplementary responses to this request.

[2]In his Reply brief, Defendant withdrew its motion to compel with respect to First Request 16 based on Plaintiff's supplementary responses to this request.

Defendant intentionally designated his job as supervisory when, in fact, Plaintiff had no supervisory responsibilities. As a result of this incorrect designation, Plaintiff asserts he was not compensated for the excessive number of overtime hours he was required to work during that time period.

In support of his FLSA retaliation and common law wrongful discharge claims, Plaintiff asserts his employment was terminated in retaliation (1) for complaining about the excessive number of hours he was required to drive, which routinely included 15-18 hours of driving time in a given day; and (2) for refusing to comply with Defendant's demand that he falsify his time sheets to conform to "hours of service" driving limitations within the Motor Carrier Safety Act regulations.

## Discussion

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[3]

Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of a party.[4]  When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1); or (2) is of such marginal relevance that the potential harm

---

[3]Fed. R. Civ. P. 26(b)(1).

[4]*McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 643 (D. Kan. 2003).

occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[5] Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.[6]

**A.      Income-Related Documents and Tax Returns**

- First Request 15 seeks all documents reflecting income and/or benefits received by Plaintiff from any source since January 1, 2001.

Plaintiff did not lodge an objection to First Request 15 and agreed to produce all responsive documents with the exception of any documents containing privileged or protected information. To that end, Plaintiff states in his brief opposing Defendant's motion to compel that he has not been employed with any other employer since his termination of employment with Defendant, and therefore has no other further documents responsive to this request.

In support of its motions to compel, Defendant argues that First Request 15 seeks documents containing information on income and/or benefits derived from *any* source between January 1, 2001 and present – not just post-termination income as Plaintiff states in his brief.  Although conceding Plaintiff has provided the schedules and attachments to his 2001, 2002, and 2003 federal tax returns, Defendant asserts Plaintiff still has failed to produce documents responsive to First Request 15: e.g., income information for 2004, W-2 reports, documents detailing his rental income from 2001 to present, and payment information with respect to unemployment compensation.

Although the Court cannot compel a party to produce documents that do not exist or that are not

---

[5]*Gen. Elec. Capital Corp. v. Lear Corp.,* 215 F.R.D. 637, 640 (D. Kan. 2003) (citing *Scott v. Leavenworth Unified Sch. Dist. No. 453,* 190 F.R.D. 583, 585 (D. Kan. 1999)).

[6]*Steil v. Humana Kansas City, Inc.,* 197 F.R.D. 442, 445 (D. Kan. 2000).

in that party's possession, custody, or control[7], information indicating the probable existence of responsive documents may provide grounds for this Court to enter a formal order compelling production of such documents.  Here, Defendant contends tax returns already produced by Plaintiff conclusively establish Plaintiff received rental income during the relevant time period.  Defendant also contends Plaintiff's received unemployment compensation during at least part of the relevant time period.  Plaintiff does not dispute either of these contentions.

For these reasons, and based on the lack of objection to Request 15 by Plaintiff, the Court directs Plaintiff to completely respond to First Request 15 by producing any additional responsive documents.  To that end, the Court will require Plaintiff to serve a supplemental written response this request, identifying all documents that he has produced in response to the request and representing that no other responsive documents are in his possession, custody, or control.

**B.     Plaintiff's Ownership of Property**

- First Request 20 seeks "all documents which constitute, summarize, refer to, or concern, in whole or in part, your ownership of any property, including, but not limited to, rental properties."

- Second Request 6 seeks "all documents which constitute, summarize, refer to, or concern, in whole or in part, any improvements, repairs, or purchases made for, on, or to any rental property you own, manage, or maintain, including, but not limited to, ledger books, account books, accounts receivable, accounts payable, service contracts, vendor lists, receipts and relevant schedules from tax returns."

- Second Request 5 seeks "All correspondence referring to, relating to, or concerning any

---

[7]Fed. R. Civ. P. 34 requires party to produce documents in the "possession, custody or control of the party."

rental property you own, manage, or maintain."

Plaintiff objects to these requests on grounds that the documents sought are not relevant or reasonably calculated to lead to the discovery of admissible evidence, the requests are overly broad and some of the responsive documents are confidential and private in nature.

### 1. Relevancy

Plaintiff maintains the referenced requests have no possible bearing on the issues in this lawsuit, or are of such marginal relevance that the potential harm occasioned by requiring the production of the information far outweighs any potential relevancy. The Court disagrees.

Pursuant to Rule 26(b)(1), the Court finds the documents requested appear on their face to be relevant to Plaintiff's claim for unpaid overtime and Defendant's assertion that Plaintiff did not work the claimed overtime hours for Defendant, but worked instead on his rental properties during many of the time periods at issue. The Court's finding in this regard is grounded in the possibility that responsive documents *may lead to* the discovery of admissible evidence at trial. The touchstone to the relevancy of documents requested is not that such discovery will result in evidence which is, or even may be, admissible at trial, but rather that such discovery is "reasonably calculated to lead to the discovery of admissible evidence."[8]

Because the Court finds the discovery sought appears relevant on its face, Plaintiff now has the burden to establish lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in

---

[8]Fed. R. Civ. P. 26(b)(1).

favor of broad disclosure.[9]  Notably, Plaintiff fails to support the broad and sweeping allegations made in his responsive briefing; namely, that the referenced requests have no possible bearing on the issues in this lawsuit, or are of such marginal relevance that the potential harm occasioned by requiring the production of the information far outweighs any potential relevancy.  Accordingly, Plaintiff's objection to these requests on grounds of relevance are overruled.

### 2.   Overly Broad

#### a.   Omnibus Phrases

In support of his assertion of overbreadth, Plaintiff first argues the language of the requests fail to describe the documents "with reasonable particularity" as required by Rule 34 and require Plaintiff to "speculate at his peril as to [their] intended scope." More specifically, Plaintiff argues the requests utilize omnibus phrases such as "referring to, relating to, or concerning" and thus are overly broad on their face.

This Court has held on numerous occasions that a request or interrogatory may be overly broad or unduly burdensome on its face if it uses an omnibus term as "relating to" or "concerning." That rule, however, applies only when the omnibus term is used with respect to a broad range of documents."[10] As this Court previously has noted, a request seeking documents "concerning" a broad range of items "requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces

---

[9]*Sheldon v. Vermonty,* 204 F.R.D. 679, 690 n. 7 (D. Kan. 2001) (citations omitted).

[10]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003) (finding request unduly burdensome on its face when seeks all documents "regarding" or "relating to" lawsuit and the eleven plaintiffs and their EEOC charges); *Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 1249339, at *6, n.4 (D. Kan. Oct. 9, 2001) (finding request unduly burdensome on its face when it asks for all documents in plaintiff's possession "pertaining to the claim herein").

of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request."[11]

When, however, the omnibus phrase modifies a specific type of document or specific event, rather than a

large category of all documents or events, the request is not deemed overly broad on its face.[12]

Here, the requests seek documents that relate to or concern a discrete number of rental properties

owned by Plaintiff.  The Court finds that these requests are not so all-encompassing as to make them overly

broad on their face.  The terms "relate to" and "concern" modify a specific type of document here, i.e.,

documents containing information about discrete rental property owned by Plaintiff.  The Court finds the

requests are not overly broad on their face.

### b.    Temporal Scope

Plaintiff argues these requests are overly broad as they fail to limit the temporal scope to a particular

time period.  Paragraphs H and I of the Definition and Instruction sections of Defendant's First and Second

Requests for Production, however, state that "[t]he period referred to in these requests for production

covers the period July 1, 2001 to the present unless otherwise indicated."  Given the factual assertions set

forth in Plaintiff's Complaint and Defendant's Counterclaim are alleged to have occurred in the three years

prior to Plaintiff's April 2004 termination, the Court finds the time period from July 1, 2001 to present is

---

[11]*Pulsecard, Inc. v. Discover Card Servs., Inc.*, No. 94-2304- EEO, 1996 WL 397567, at *10 (D. Kan. July 11, 1996).

[12]*Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 667-68 (D. Kan. 2004) (citation omitted).

reasonable.[13]

### 3.     Confidentiality/Privacy Concerns

The Court overrules Plaintiff's objections based on confidentiality. As a preliminary matter, confidentiality does not equate to privilege.[14] And, confidentiality alone is not an objection which precludes discovery.[15] This is especially so when, as here, a protective order has been entered to protect the confidentiality of documents produced in this litigation.[16]

### C.     Plaintiff's Interest in Outside Business Organizations

- First Request 21 seeks "All organizational documents which refer to or concern McCoy Rentals LLC, including, but not limited to, articles of organization, by-laws, annual reports, certificates and/or letters of good standing, and any other documents filed with the State of Kansas."

Plaintiff states he has provided Defendant with all documents responsive to this request. Again, the Court cannot compel a party to produce documents that do not exist or that are not in that party's possession, custody, or control. Unlike the circumstances presented earlier in this opinion, however, here Defendant provides no information to persuade the Court that responsive documents exist but have not been produced. Thus, Defendant's Motion will be denied as to Request 21.

---

[13]*See, e.g., Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655-56 (D. Kan. 2004) (allowing discovery into period two and one-half years prior to the alleged discrimination); *Garrett v. Sprint PCS,* No. 00-2583-KHV, 2002 WL 181364, at *3 (D. Kan. Jan. 31, 2002) (allowing discovery three-year period prior to incident to present); *EEOC v. Kansas City Southern Ry.*, 195 F.R.D. 678, 680 (D. Kan. 2000) (allowing discovery four years prior and one year after incident).

[14]*Federal Open Mkt. Committee v. Merrill*, 443 U.S. 340, 362 (1979).

[15]*Sithon Maritime Co. v. Holiday Mansion*, No. Civ. A. 96-2262- EEO, 1998 WL 182785, at *10 (D. Kan. Apr. 10, 1998).

[16]*See* November 18, 2004 Protective Order (doc. 13).

- First Request 22 seeks "All documents which constitute, summarize, refer to, or concern your ownership of, interest in, and/or management of McCoy Rentals LLC, including, but not limited to, leases, deeds, rental agreements, ownership of properties, and management agreements."

- First Request 23 seeks, "All accounts payable records which refer to or concern McCoy Rentals LLC."

- Second Request 2 seeks, "All documents which constitute, summarize, refer to, relate to, or concern, in whole or in part, the business activities of McCoy Rentals, LLC for the period January 1, 2001 to present."

- Second Request 7 seeks a complete copy of state and federal income tax returns, including without limitation all schedules and attachments, for McCoy Rentals, LLC for the tax years 2001, 2002, 2003, and 2004.

Plaintiff objects to these requests on grounds that they seek documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence at trial and are overly broad and vague as to the documents requested.  In support of his objection, Plaintiff states McCoy Rentals LLC was organized as a Kansas limited liability company in June 2004, which was approximately two months after Plaintiff's employment with Defendant was terminated.  Because the limited liability company was organized after Plaintiff's employment, Plaintiff argues information and documents related to McCoy Rentals LLC have absolutely no bearing on whether, as Defendant alleges, Plaintiff failed to provide services to Defendant during all of the hours he claims to have worked between January 2001 and April 2004.

The Court agrees with Plaintiff to the extent that the relevancy of these requests are not readily apparent on the face of the requests.  Thus, the burden shifts, and Defendant is required to demonstrate relevancy.[17]  To that end, Defendant asserts Plaintiff was operating a business using the name "McCoy

---

[17]*Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000).

Rentals" prior to June 2004, for which either Plaintiff or McCoy Rentals LLC must have business records. Defendant maintains Plaintiff's objection to these requests is nothing more than "hyper-technical semantics designed to avoid producing relevant documents."

The Court disagrees. The requests at issue here seek documents relating to the activities of McCoy Rentals LLC – a legal entity that was not organized pursuant to Kansas law until June 2004. Contrary to Defendant's assertions, the requests at issue here *do not* seek documents relating to the activities of "McCoy Rentals" for the period from July 2001 to present.

Because Defendant has failed to establish relevancy, its Motion to Compel will be denied with regard to these requests.

- Second Request 1 seeks "All organizational documents which refer to, relate to, or concern Western Exchange Company, including, but not limited to, articles of incorporation, by-laws, annual reports, certificates and/or letters of good standing, and any other documents filed with or received from the State of Kansas."

- Second Request 3 seeks "All documents which constitute, summarize, refer to, relate to, or concern, in whole or in part, the business activities of Western Exchange Company for the period January 1, 2001 to present."

- Second Request 8 seeks "A complete copy of state and federal income tax returns, including without limitation all schedules and attachments, for Western Exchange Company for the tax years 2001, 2002, 2003, and 2004."

Plaintiff objected to these requests on grounds that the documents sought are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, the requests are overly broad and some of the responsive documents are confidential and private in nature.

**1.    Relevancy**

Plaintiff argues the referenced requests regarding Western Exchange Company have no possible

bearing on the issues in this lawsuit, or are of such marginal relevance that the potential harm occasioned

by requiring the production of the information far outweighs any potential relevancy.  The Court disagrees.

Unlike the limited liability company of McCoy Rentals LLC, Plaintiff readily concedes Western

Exchange Company has existed as a legal entity under the laws of Kansas since 1997.  Defendant asserts,

and Plaintiff does not dispute, that Western Exchange Company is solely owned by Plaintiff and, although

articles of incorporation for Western Exchange Company indicate its corporate purpose is the sale of coins,

jewelry and guns, documents from the Bank of Atchison indicate several of Plaintiff's rental properties may

be owned by Western Exchange Company.

Under the circumstances presented, the Court finds the documents requested appear on their face

to be relevant to Plaintiff's claim for unpaid overtime and Defendant's assertion that Plaintiff did not work

the claimed overtime hours for Defendant, but instead was working on his rental properties during many

of the time periods at issue.  Again, the Court's finding in this regard is grounded in the possibility that

responsive documents may lead to the discovery of admissible evidence.  The touchstone to the relevancy

of documents requested is not that such discovery will result in evidence which is, or even may be,

admissible at trial, but rather that such discovery is "reasonably calculated to lead to the discovery of

admissible evidence."[18]

Because the Court finds the discovery sought appears relevant on its face, Plaintiff now has the

burden to establish lack of relevance by demonstrating that the requested discovery (1) does not come

within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal

---

[18]Fed. R. Civ. P. 26(b)(1).

relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[19]   Again, Plaintiff fails to support the broad and sweeping allegations made in his responsive briefing; namely, that Western Exchange Company documents have no possible bearing on the issues in this lawsuit, or are of such marginal relevance that the potential harm occasioned by requiring the production of the information far outweighs any potential relevancy.   Accordingly, Plaintiff's objection to these requests on grounds of relevance are overruled.

### 2.   Overly Broad

#### a.   Omnibus Phrases

Plaintiff again argues the referenced requests utilize omnibus phrases such as "referring to, relating to, or concerning" and thus are overly broad on their face.  The Court again disagrees.

The referenced requests seek organizational documents that refer to, relate to, or concern Western Exchange Company or constitute, summarize, refer to, relate to, or concern the business activities of Western Exchange Company.  The Court finds that these requests are not so all-encompassing as to make them overly broad on their face. The terms "relate to" and "concern" modify a specific type of document here, i.e., documents containing information about Western Exchange Company.  The Court finds the requests are not overly broad on their face.

#### b.   Temporal Scope

For the reasons stated in section B(2)(b), *supra*, the Court overrules Plaintiff's objections to these requests based on temporal scope.

---

[19]*Sheldon v. Vermonty,* 204 F.R.D. 679, 690 n. 7 (D. Kan. 2001) (citations omitted).

3.      **Confidentiality/Privacy Concerns**

For the reasons stated in section B(3), *supra*, the Court overrules Plaintiff's objections to these requests based on confidentiality.

D.      **Plaintiff's Employment**

Interrogatory 16 requires Plaintiff to identify his employment or self-employment (actual or prospective) from January 1, 2000 to the present and provide various details regarding such employment or self-employment.  Request 17 seeks documents associated with the information sought in Interrogatory 16.  Plaintiff did not lodge an objection to either of these requests and states in his briefing that he has provided all information known to him and documents in his possession.

Although Defendant subsequently withdrew its Motion with regard to First Request 17 based on Plaintiff's representations, Defendant maintains Plaintiff's answer to Interrogatory 16 still is incomplete. More specifically, Defendant asserts Plaintiff does not specify the positions for which he applied with the companies identified.  Moreover, Defendant contends the interrogatory seeks employment *and* self-employment information and, although Plaintiff operated at least two businesses during that time, Plaintiff did not provide information about self-employment activities.

For these reasons, and based on the lack of objection to Interrogatory 16 by Plaintiff, the Court hereby directs Plaintiff to completely respond to Interrogatory 16 by serving a supplemental written response to this Interrogatory providing all information requested.

E.      **Computer Searches by Plaintiff on Defendant's Computers**

Defendant has withdrawn its Motion with regard to Second Request 4 based on the representations made by Plaintiff in his responsive briefing.

13

F.      **Plaintiff's Telephone Records**

Defendant has withdrawn its Motion with regard to First Request 24 based on the representations made by Plaintiff in his responsive briefing.

G.      **Sanctions**

Defendant seeks to recover the costs and attorney fees it incurred in bringing this Motion to Compel. The Court is granting in part and denying in part the Motion to Compel. Under the circumstances, the Court does not find the imposition of sanctions under Fed.R.Civ.P. 37(a)(4)(C) to be warranted. Plaintiff's request for sanctions will be denied, and each party shall bear his own costs and expenses incurred in connection with the Motion to Compel.

Based on the discussion above, it is hereby ordered that Defendant's Motion to Compel (doc. 31) is granted in part and denied in part. More specifically, the Motion to Compel is

(1)     granted with respect to

    (a)     First Request 15
    (b)     First Request 20
    (c)     Second Request 6
    (d)     Second Request 5
    (e)     Second Request 1
    (f)     Second Request 3
    (g)     Second Request 8
    (h)     Interrogatory 16

Plaintiff to shall completely respond to these requests no later than **May 13, 2005** by producing all responsive documents, as well as serving supplemental written responses to the Interrogatory 16 and the first and second requests for production of documents.

(2)     denied on the merits with respect to

    (a)     First Request 21

14

      (b)     First Request 22
      (c)     First Request 23
      (d)     Second Request 2
      (e)     Second Request 7

  (3)    denied as moot with respect to

      (a)     Interrogatory 19
      (b)     First Request 16
      (c)     First Request 17
      (d)     Second Request 4
      (e)     First Request 24

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 2nd day of May, 2005.

                    s/ David J. Waxse
                    David J. Waxse
                    United States Magistrate Judge

cc:    All counsel and *pro se* parties